# The Rosner Law Group LLC

Attorneys at Law

824 N. Market Street, Suite 810
Wilmington, Delaware 19801
(302) 777-1111
www.teamrosner.com

FREDERICK B. ROSNER[*]
rosner@teamrosner.com

SCOTT J. LEONHARDT
leonhardt@teamrosner.com

ZHAO "RUBY" LIU[+]
liu@teamrosner.com

[*] Also admitted in NY
[+] Also admitted in PA

January 2, 2024

**VIA HAND DELIVERY & CM/ECF**
The Honorable Leonard P. Stark
United States District Court
for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, Delaware 19801-3570

> Re:   **Ostrider Limited v. PDVSA Petroleo S.A., D. Del. C.A. 23-cv-1405-LPS; UML Blanford Limited v. PDVSA Petroleo S.A., D. Del. C.A. 23-cv-1406-LPS;Union Glory Limited v. PDVSA Petroleo S.A., D. Del. C.A. 23-cv-1407-LPS; Clion Limited v. PDVSA Petroleo S.A., D. Del. C.A. 23-cv-1408-LPS; Clion Limited v. PDVSA Petroleo S.A., D. Del. C.A. 23-cv-1409-LPS**
> **Response to Oral Order, Dated December 26, 2023**

Dear Judge Stark:

    My firm and Clyde & Co US LLP represent the Petitioners in the above-referenced petitions to confirm, recognize and enforce maritime arbitration awards (the "Petitions"). We are in receipt of your Honor's oral order, dated December 26, 2023, as well as counsel's emails in response to our email notices, dated December 27-29, 2023, copies of which we attach hereto as **Exhibit A**.

    As instructed by the Court, we invited counsel for PDVSA and PDVSA Petroleo, S.A. ("PDVSA Petroleo") in related matters to have a meet and confer. We agreed that it would be with a full reservation of rights. *See* **Exhibit A**. Unfortunately, counsel did not respond to our request to meet and confer, other than with the non-responsive communications in Exhibit A that they did not represent PDVSA Petroleo in the above-referenced actions. Of note, counsel has appeared for

Judge Stark
January 2, 2024
Page 2

both PDVSA and PDVSA Petroleo, S.A. in, *inter alia*, the following actions: *Red Tree Investments, LLC v. Petroleos de Venezuela, SA., and PDVSA Petroleo, S.A.* (D. Del. C.A. No. 1:22-MC-00068-LPS); *Red Tree Investments, LLC v. Petroleos de Venezuela, S.A., and PDVSA Petroleo, S.A.* (D. Del. C.A. No. 1:22-MC-00069-LPS); and, *Phillips Petroleum Company Venezuela Limited et al v. Petroleos de Venezuela, S.A., Corpogunipa, S.A and PDVSA Petroleo, S.A.* (D. Del. C.A. No. 1:19-MC-00342). See **Exhibit B**.

We would still like to take the opportunity to advise the Court on how we believe these cases should proceed.

Petitions to confirm foreign arbitration awards are supposed to be summary proceedings that merely make what is already a final arbitration award a judgment of the court. *See Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022), *cert. denied,* 143 S. Ct. 786, 215 L. Ed. 2d 52 (2023). The instant petitions fall under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, also known as the "New York Convention," as implemented by the Federal Arbitration Act ("FAA"). As the Second Circuit reasoned in *Commodities*, such petitions should be treated as motions. Under D. Del. LR 7.1.2., Respondents must respond within 14 days after service of notice of the petitions, i.e., at least by January 3, 2024.

On December 15, 2023, Petitioners served by email the Petitions and a translation in Spanish of the Petitions to (a) Respondent's General Counsel, Ms. Ivonne Patricia Mayorga ("PDVSA General Counsel"); (b) to PDVSA's Arbitration Counsel, Mr. Philip Beswick ("PDVSA's Arbitration Counsel"); and (c) to Mr. Hirzel who has appeared for Respondent, PDVSA Petroleo in the above cited cases.[1] Similarly, Petitioners also served notice by hand delivery to Respondent, PDVSA Petroleo, S.A. in Venezuela and to Mr. Hirzel's office on December 20 and 21, 2023, respectively. *See* D.I. 7 of each of the above captioned petitions.

In addition, on December 27, 2023, Petitioners served by email a copy of this Court's order, dated December 26, 2023, on the persons listed in (a), (b) and (c) above.

The Petitions were commenced with the goal of meeting deadlines set forth in a separate case, *Crystallex International Corporation v. Bolivarian Republic of Venezuela*, D. Del. C.A. No. 1:17-mc-00151-LPS (the "*Crystallex* Proceeding"). These deadlines must be met for creditors to attach shares of PDV Holding, Inc. The key deadline being the Step 5 (Writ) Deadline to obtain a *conditional* writ of attachment. *See Crystallex* Proceeding, D.I. 646 at ¶ 5.

---

[1] PDVSA's Counsel of Record also filed a Joint Statement on behalf of Respondent, PDVSA Petroleo, S.A., in *Cyrstallex Int'l. Corp. v. Bolivarian Republic of Venezuela*, D. Del. C.A. No. 17-mc-00151, (D. Del.) (D.I. 558).

Judge Stark
January 2, 2024
Page 3

Counsel's email to us noted that the arbitration awards in these cases are against PDVSA Petroleo S.A. not PDVSA (Petroleos de Venezuela, S.A.). Petroleos de Venezuela, S.A., owns 100% of the interests in PDVSA Petroleo, S.A.

As set forth in the underlying vessel charter parties, in the respective foreign arbitration awards and the Petitions to this Court to confirm, recognize and enforce the foreign arbitration awards, Petroleos de Venezuela, S.A., dominated and controlled PDVSA Petroleo, S.A., and/or was in effect an alter ego or agent of PDVSA Petroleo, S.A., under the charter party contracts. Indeed, Petroleos de Venezuela, S.A., paid millions of dollars of the charter hire for the contracts. Petitioners named only PDVSA Petroleo, S.A., since the awards only name that entity, and the Petitions are to confirm the awards; and once judgment is entered on the awards, as this Court has ordered, Petitioners intend to file writs (and if appropriate, further pleadings) to effectuate attachments accordingly. This means Petitioners will show the liability of PDVSA (Petroleos de Venezuela, S.A.) as alter ego and dominant and controlling party of, or an alter ego/agent of, PDVSA Petroleo, S.A., the wholly owned and controlled subsidiary - - to enforce the arbitration awards against PDVSA Petroleo S.A.

This will be challenging to complete by the Step 5 (Writ) Deadline, even under the Court's maritime attachment rules. However, the deadline in the *Crystallex* Proceeding only requires obtaining a *conditional* writ. *Id.*

Therefore, Petitioners respectfully propose proceeding as follows:

- Petitioners file their application for a *conditional* writ of attachment in short order. Objections to same would be due five (5) days thereafter. This writ would name at least PDVSA Petroleo S.A. and Petroleos de Venezuela, S.A as its alter ego.

- Assuming the conditional writ is granted, the parties work in good faith to agree on a briefing schedule for the veil piercing issue, subject to the Court's approval.

Counsel appreciates this is an aggressive schedule. They also may move to extend the deadlines in the *Crystallex* Proceeding solely in respect to the above-referenced matters.

Our clients have valid foreign arbitration awards. Participating in the *Crystallex* Proceeding is likely their only source of recovery; the only means of making those arbitration awards mean something. Counsel is trying to come up with viable (yet fair) paths to meet the deadlines in *Crystallex* to prevent their clients from losing their source of recovery.

Counsel is available at the Court's convenience and respectfully submits a status conference may be helpful.

Respectfully submitted,

Judge Stark
January 2, 2024
Page 4

/s/ *Scott J. Leonhardt*
Scott J. Leonhardt (DE #4885)

Enclosures

cc:    Sam Hirzel <shirzel@hegh.law>

{00037755. }